## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| BIC CORPORATION and BIC USA INC., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO.: |
| NISHI WHOLESALE LLC; and DOES 1–10 | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiffs BIC Corporation and BIC USA Inc. (hereinafter collectively, "BIC"), by and through their attorneys, state as follows for their Complaint against Nishi Wholesale LLC ("Nishi") and Does 1–10 (collectively, "Defendants").

## NATURE OF THE ACTION

1.    This action is brought by BIC to end Defendants' unlawful trade in counterfeit BIC-branded lighters that are designed to confuse the public and present a risk to BIC's reputation and goodwill associated therewith.

2.    Defendants have willfully and knowingly sold, marketed, advertised, and distributed counterfeit BIC-branded lighters in the United States, including in the State of Florida.

3.    This is an action for counterfeiting under Sections 32(1) and 34(d) of the Lanham Act, 15 U.S.C. §§ 1114, 1116(d); trademark infringement and contributory trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended; trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); trademark dilution under Fla. Stat. § 495.151; deceptive and unfair trade practices under Fla. Stat. § 501.201; and trademark infringement and unfair competition under the common law of the State of Florida.

## PARTIES

4.    Plaintiff BIC Corporation (hereinafter "BIC Corporation") is a Connecticut corporation, having its principal place of business in Shelton, CT.

5.    Plaintiff BIC USA Inc. (hereinafter "BIC USA"), a wholly owned subsidiary of BIC Corporation, is a Delaware corporation, having its principal place of business in Shelton, CT.

6.    Upon information and belief, Defendant Nishi is a Florida limited liability corporation with its principal place of business at 7675 Currency Dr., Orlando, FL 32809.

7.    Upon information and belief, Defendant Nishi operates a wholesale store, selling convenience store and gas station supplies to retailers, who in turn sell to consumers.

8.     Does 1-10 are persons and/or entities whose true names and capacities are presently unknown to BIC but participated in, conspired with, and/or caused Defendant Nishi to engage in the wrongful conduct alleged herein and who are otherwise responsible and liable to BIC for the wrongful acts alleged herein.  BIC reserves the right to amend this Complaint to allege the true names and capacities of said Does, as they become known.

## JURISDICTION AND VENUE

9.     This is a civil action arising from Defendants' use of BIC's trademarks and trade dress on counterfeit pocket lighters. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under the laws of the State of Florida.

10.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

11.     This Court has supplemental jurisdiction over BIC's state-law claims pursuant to 28 U.S.C. § 1367(a).

12.     This Court has personal jurisdiction over Defendant Nishi because it is incorporated in Florida.

13.     This Court has personal jurisdiction over Defendant Nishi because its principal place of business is in Florida.

14.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in this District, may be found in this District,

and/or a substantial part of the events giving rise to the claims asserted in this Complaint occurred within this District.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### BIC's Famous Trademarks

15.    BIC manufactures and distributes high quality and reliable consumer products, including lighters, in the United States and around the world.

16.    For over 50 years, and well before the acts of Defendants identified here, BIC has used various trademarks and source-identifying product configurations and designs to indicate the origin of its goods, including its lighters. These trademarks and configurations include the following terms, designs, and trade dress, which are registered with the United States Patent and Trademark Office ("USPTO"), and are collectively referred to hereinafter as the "BIC Marks":

| EXHIBIT | USPTO REGISTRATION NUMBER | REGISTERED TRADEMARK/ TRADE DRESS | DESCRIPTION OF GOODS OR SERVICES | FIRST USE IN COMMERCE |
|---------|---------------------------|-----------------------------------|----------------------------------|-----------------------|
| Exhibit A | Reg. No. 2,324,480 | BIC | *Cigarette and cigar lighters not of precious metals* | 1971 |
| Exhibit B | Reg. No. 951,661 | *BIC* | *Cigarette lighters and refills therefor* | 1971 |

| Exhibit C | Reg. No. 1,761,622 |  | *Cigarette lighters not made of precious metals* | 1973 |
| Exhibit D | Reg. No. 2,278,917 |  | *Cigarette lighters not made of precious metals* | 1995 |

17.    BIC Corporation is the owner of the BIC Marks in the United States.

18.    BIC Corporation exclusively licenses the BIC Marks to BIC USA.

19.    Each of the foregoing registrations is incontestable under Lanham Act § 15, and serves as conclusive evidence of the validity, BIC Corporation's ownership, and of BIC's exclusive right to use the registered mark in commerce in connection with the goods and/or services identified therein. BIC Corporation filed a declaration with the USPTO under Lanham Act § 15, 15 U.S.C. § 1065, with respect to each of the registration numbers 2,324,480; 951,661; 1,761,622; and 2,278,917.

20.    Through BIC's continuous and substantially exclusive use over the span of decades, as well as through BIC's expenditure of tens of millions of dollars in promotion and advertising, the BIC Marks are recognized as indicators of source for BIC's high-quality and pioneering lighters and embody the substantial and valuable goodwill associated with BIC's products.

21.    BIC popularized its first pocket lighters in the 1970s with the "Flick your BIC" advertising campaign and saw its lighter quickly become a household staple throughout the world.

22.    Indeed, BIC is the number one seller of pocket lighters in the United States, and BIC pocket lighters have become the most recognized lighters in the world, with more than 30 billion lighters sold in over 160 countries.

23.    Social media pages for BIC's pocket lighters draw substantial attention from the public, with over 1.3 million Facebook users and over 100,000 Instagram users following BIC's online promotion of pocket lighters bearing the BIC Marks.

24.    The BIC lighters are recognized icons of modern design—residing in the permanent collections of the Museum of Modern Art (MoMA) in New York and the Musee national d'art moderne/Centre de creation industrielle-Centre Georges Pompidou in Paris.

25.    As a result of BIC's substantial efforts, and prior to the acts of Defendants alleged herein, the distinctive BIC Marks have become famous in the minds of consumers to identify BIC as the source for BIC's goods.

**<u>BIC-Branded Lighters</u>**

26.    BIC, the sole domestic manufacturer of disposable pocket lighters, has a 50-year history of providing safe, reliable, non-refillable pocket lighters to millions of Americans.

27.     Perhaps the most popular disposable, non-refillable pocket lighter BIC manufactures and sells to consumers is its "Maxi" Pocket Lighter (a/k/a the "Classic" Pocket Lighter (the "Pocket Lighter")).

28.     BIC ensures that its Pocket Lighters are manufactured with exacting attention to consumer safety and quality and contain a number of safety features.

29.     For example, authentic Pocket Lighters contain physical attributes that ensure reliable spark generation, flame height, flame shut off, and sealing of the fuel compartment.

30.     All authentic BIC Pocket Lighters authorized to be sold in the United States contain the above-mentioned features.

31.     Authentic BIC Pocket Lighters are sold by distributors and retailers all across the United States, including in Florida and in this District.

## Defendants' Wrongful Acts

32.     Based on information received from customers of suspected counterfeit BIC Pocket Lighters ("Counterfeit Pocket Lighters") being sold in the United States, BIC launched an investigation.

33.     On multiple occasions during the investigation, one or more investigators on behalf of BIC ("BIC Investigators") purchased Counterfeit Pocket Lighters from Defendant Nishi at its principal place of business.

**Defendant Nishi Sold Counterfeit Pocket Lighters Bearing the BIC
Marks to BIC Investigators and Doe Defendants**

34.    On July 16, 2024, BIC Investigators purchased four fifty-count trays
of product advertised as genuine BIC Pocket Lighters from Defendant Nishi.

35.    On July 22, 2024, BIC Investigators purchased one case and one
individual tray of "fifty-plus-three"-count product and one case of fifty-count
product all advertised as genuine BIC Pocket Lighters from Defendant Nishi.

36.    A thorough inspection of the lighters described in Paragraphs 34 and
35 above confirmed all were Counterfeit Pocket Lighters, not genuine BIC Pocket
Lighters as advertised.

37.    Each tray and/or case containing Counterfeit Pocket Lighters
featured the word mark "BIC", and the stylized mark, *BIC* .

38.    The Counterfeit Pocket Lighters themselves were non-genuine
replicas of authentic BIC Pocket Lighters. Each Counterfeit Pocket Lighter
incorporated the word mark "BIC," the stylized mark, *BIC* , and the BIC trade
dress.

39.    The Counterfeit Pocket Lighters replicate the BIC Marks to
intentionally mislead customers into believing that they are purchasing an
authentic BIC product.

40.    On information and belief, Defendant Nishi sold Counterfeit BIC
Lighters to third parties in the United States, including Doe Defendants in this

District, with the intent that those third parties would resell the Counterfeit BIC Lighters to consumers.

**Defendants' Wrongful Acts Have Harmed the Public and BIC**

41.    On information and belief, previously and up to the present time, Defendants advertised, offered for sale, and sold lighters in the State of Georgia that make unauthorized use of the BIC Marks.

42.    BIC has acquired a General Exclusion Order ("GEO") from the International Trade Commission that protects BIC's intellectual property, including the BIC Marks.

43.    Under a GEO, enhanced U.S. Customs and Border Protection and Department of Homeland Security resources are assigned to prevent counterfeit products from entering the U.S. market.

44.    Despite the GEO, on information and belief, Defendant Nishi is trading in Counterfeit Pocket Lighters imported into the United States through a sophisticated network of importers and using means targeted at evading detection and confiscation.

45.    On information and belief, Defendant Nishi engaged in these acts with the knowledge of BIC's rights and the willful intent to violate those rights.

46.    Defendants' unlawful actions are having, and will continue to have, a substantial and adverse effect on United States commerce.

47.    Defendants' wrongful acts and/or willful infringements have caused, and will continue to cause, irreparable harm to BIC, for which BIC has no adequate remedy at law, unless permanently enjoined.

48.    Defendants are profiting, and will continue to profit, from their unlawful actions.

49.    Defendants' actions are causing and will continue to cause BIC monetary damage in amounts presently unknown but to be determined at trial.

50.    Additionally, it is of particular concern that the Counterfeit Pocket Lighters Defendants sell do not conform to BIC's standard quality control measures.

51.    Furthermore, on perceiving a defect or lack of quality or performance in Counterfeit Pocket Lighters sold by Defendants, customers are likely to mistakenly attribute those defects to BIC. By causing such a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm to BIC's goodwill and reputation.

52.    By selling Counterfeit Pocket Lighters, Defendants have engaged in violations of the Lanham Act, as well as other federal laws and regulations.

53.    On information and belief, Does 1-10 have conspired with Defendant Nishi to carry out the wrongful conduct alleged herein.

## COUNT ONE
### Federal Trademark Counterfeiting
### in Violation of Lanham Act §§ 32(1) and 34(d)
### (15 U.S.C. §§ 1114(1), 1116(d))
### (All Defendants)

54.    BIC repeats and re-alleges the allegation set forth in the preceding paragraphs as if fully set forth herein.

55.    BIC Corporation is the owner and registrant of the BIC Marks, where consumers perceive the BIC Marks as distinctive, well known, and famous.

56.    BIC USA is the exclusive licensee of the BIC Marks in the United States.

57.    Defendants have not been granted any right to use the BIC Marks in the United States.

58.    Defendants have made unauthorized use, in connection with Counterfeit Pocket Lighters, of marks that are the same as, or substantially indistinguishable from, the BIC Marks.

59.    Defendants' use, which constitutes use in commerce, has caused and/or is likely to cause confusion or mistake or is likely to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered for sale, and sold by Defendants.

60.    Defendants have intentionally used marks that they know are counterfeit BIC Marks in connection with the sale, offering for sale, and distribution of the Counterfeit Pocket Lighters.

61.    BIC has no adequate remedy at law for Defendants' wrongful conduct, which has caused, and, unless permanently enjoined, will continue to cause damage and irreparable harm to BIC.

62.    Defendants are liable for counterfeiting, in violation of Sections 32(1) and 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1116(d).

63.    By reason of Defendants' wrongful conduct, BIC is entitled to recover wrongful profits of Defendants, BIC's actual damages, and costs of the action, in addition to treble damages and attorneys' fees within the meaning of the Lanham Act, 15 U.S.C. § 1117(b).

## COUNT TWO
### Federal Trademark Infringement
### in Violation of Lanham Act § 32 (15 U.S.C. § 1114)
### (All Defendants)

64.    BIC repeats and re-alleges the allegation set forth in the preceding paragraphs as if fully set forth herein.

65.    BIC Corporation is the owner and registrant of the BIC Marks.

66.    BIC USA is the exclusive licensee of the BIC Marks in the United States, where consumers perceive the BIC Marks as distinctive, well known, and famous.

67.    Defendants have not been granted any right to use the BIC Marks in the United States.

68.     Defendants have made unauthorized use, in connection with Counterfeit Pocket Lighters, of marks that are the same as, or are confusingly similar to, the BIC Marks.

69.     Defendants' use, which constitutes use in commerce, has caused and/or is likely to cause confusion or mistake or is likely to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered for sale, and sold by Defendants.

70.     On information and belief, Defendants' wrongful conduct was undertaken and/or continued with full knowledge of BIC's rights and, thus, constitutes willful infringement.

71.     BIC has no adequate remedy at law for Defendants' wrongful conduct, which has caused, and, unless permanently enjoined, will continue to cause damage and irreparable harm to BIC.

72.     Defendants are liable for trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

73.     By reason of Defendants' wrongful conduct, BIC is entitled to recover Defendants' wrongful profits, BIC's actual damages, and cost of the action, in addition to enhanced damages and attorneys' fees for an exceptional case within the meaning of the Lanham Act, 15 U.S.C. § 1117(a).

**COUNT THREE**
**Federal Unfair Competition and False Designation of Origin
in Violation of Lanham Act § 43 (15 U.S.C. § 1125(a))
(All Defendants)**

74.     BIC repeats and re-alleges the allegation set forth in the preceding paragraphs as if fully set forth herein.

75.     BIC Corporation is the owner and registrant of the BIC Marks.

76.     BIC USA is the exclusive licensee of the BIC Marks in the United States, where consumers perceive the BIC Marks as distinctive, well known, and famous.

77.     Defendants have not been granted any right to use the BIC Marks in the United States.

78.     Defendants have made unauthorized use, in connection with Counterfeit Pocket Lighters, of marks that are the same as, or are confusingly similar to, the BIC Marks.

79.     Defendants' unauthorized use of the BIC Marks to advertise and sell directly competing goods, which constitutes use in commerce, has caused and/or is likely to cause confusion or mistake or is likely to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered for sale, and sold by Defendants.

80.     Defendants' unauthorized use misrepresents the nature, characteristics, qualities, or geographic origin of the goods.

14

81.    On information and belief, Defendants' wrongful conduct was undertaken and/or continued with full knowledge of BIC's rights and, thus, constitutes willful unfair competition.

82.    Defendants' wrongful conduct and/or willful unfair competition, for which BIC has no adequate remedy at law, has caused and, unless permanently enjoined, will continue to cause damage and irreparable harm to BIC.

83.    Defendants are liable for trademark infringement, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

84.    By reason of Defendants' wrongful conduct, BIC is entitled to recover wrongful profits of Defendants, BIC's actual damages, and cost of the action, in addition to enhanced damages and attorneys' fees for an exceptional case within the meaning of the Lanham Act, 15 U.S.C. § 1117(a).

**COUNT FOUR**
**Contributory Trademark Infringement**
**in Violation of Lanham Act § 43 (15 U.S.C. § 1114(1)(a))**
**(Defendant Nishi)**

85.    BIC repeats and re-alleges the allegation set forth in the preceding paragraphs as if fully set forth herein.

86.    BIC Corporation is the owner and registrant of the BIC Marks.

87.    BIC USA is the exclusive licensee of the BIC Marks in the United States, where consumers perceive the BIC Marks as distinctive, well known, and famous.

88.     Defendant Nishi has sold and offered for sale Counterfeit Pocket Lighters bearing marks that are the same as, or are confusingly similar to, the BIC Marks, with the knowledge, expectation, or intention that downstream retailers and distributors of Defendant Nishi's Counterfeit Pocket Lighters would use the BIC Marks in connection with the sale of lighters.

89.     Defendant Nishi and its retailer and distributor customers have not been granted any right to use the BIC Marks in the United States.

90.     The unauthorized use of the BIC Marks on directly competing goods by retailers and distributors supplied by Defendant Nishi, which constitutes use in commerce, has caused and/or is likely to cause confusion or mistake or is likely to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered and sold by retailers and distributors supplied by Defendant Nishi.

91.     Defendant Nishi has intentionally induced, contributed to, or knowingly participated in the infringement of BIC's rights in the BIC Marks by Defendant Nishi's retailer and distributor customers.

92.     Defendant Nishi has profited from the infringement of BIC's rights in the BIC Marks by Defendant Nishi and its retailer and distributor customers.

93.     Defendant Nishi's wrongful conduct and/or willful contributory infringement, for which BIC has no adequate remedy at law, has caused and, unless permanently enjoined, will continue to damage and cause irreparable harm to BIC.

94.    Defendant Nishi is liable for contributory trademark infringement, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

95.    By reason of Defendant Nishi's wrongful conduct, BIC is entitled to recover Defendant Nishi's wrongful profits, BIC's actual damages, and cost of the action, in addition to enhanced damages and attorneys' fees for an exceptional case within the meaning of the Lanham Act, 15 U.S.C. § 1117(a).

**COUNT FIVE**
**Federal Dilution by Tarnishment**
**in Violation of Lanham Act § 43 (15 U.S.C. § 1125(c))**
**(All Defendants)**

96.    BIC repeats and re-alleges the allegation set forth in the preceding paragraphs as if fully set forth herein.

97.    BIC Corporation is the owner and registrant of the BIC Marks.

98.    BIC USA is the exclusive licensee of the BIC Marks in the United States.

99.    Defendants have not been granted any right to use the BIC Marks in the United States.

100.    Defendants have made unauthorized use, in connection with Counterfeit Pocket Lighters, of marks that are the same as, or are confusingly similar to, the BIC Marks.

101.    The BIC Marks are well known, famous, and inherently distinctive and identify BIC as the source of the goods.

102.    Alternatively, through BIC's extensive and continuous promotion and use of the BIC Marks in the United States, the BIC Marks acquired distinctiveness. The BIC Marks acquired a secondary meaning capable of dilution prior to Defendants' unauthorized commercial use of the BIC Marks.

103.    The BIC Marks were famous prior to Defendants' unauthorized commercial use of the Marks.

104.    Defendants' use of the famous BIC Marks injures BIC's business reputation and dilutes or is likely to dilute the distinctive qualities of the BIC Marks.

105.    Defendants' wrongful conduct and/or willful dilution, for which BIC has no adequate remedy at law, has caused and, unless permanently enjoined, will continue to cause injury to the public and damage and irreparable harm to BIC.

106.    Defendants are liable for trademark dilution, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

107.    In view of the willful nature of Defendants' dilution, this is an exceptional case within the meaning of 15 U.S.C. §§ 1117(a) and 1125(c)(5), entitling BIC to recover attorneys' fees, among other monetary remedies.

## COUNT SIX
## Florida Trademark Dilution
## (Fla. Stat. § 495.151)
## (All Defendants)

108.    BIC repeats and re-alleges the allegation set forth in the preceding paragraphs as if fully set forth herein.

109.    BIC Corporation is the owner and registrant of the BIC Marks.

110.    BIC USA is the exclusive licensee of the BIC Marks in the United States.

111.    Defendants have not been granted any right to use the BIC Marks in the United States, including in the State of Florida.

112.    Defendants have made unauthorized use, in connection with Counterfeit Pocket Lighters, of marks that are the same as, or are confusingly similar to, the BIC Marks.

113.    The BIC Marks are inherently distinctive and identify BIC as the source of the goods.

114.    Alternatively, through BIC's extensive and continuous promotion and use of the BIC Marks in the United States, including in Florida, the BIC Marks acquired distinctiveness. The BIC Marks acquired a secondary meaning capable of dilution prior to Defendants' unauthorized commercial use of the BIC Marks.

115.    Defendants' use of the distinctive BIC Marks injures BIC's business reputation and dilutes or is likely to dilute the distinctive qualities of the BIC Marks, and has or will cause negative associations with the BIC Marks.

116.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the BIC Marks and to cause dilution of the BIC Marks.

117.    Defendants' wrongful conduct and/or willful dilution, for which BIC has no adequate remedy at law, has caused and, unless permanently enjoined, will continue to cause damage and irreparable harm to BIC.

118.    Defendant is liable for trademark dilution, in violation of Fla. Stat. § 495.151.

**COUNT SEVEN**
**Deceptive and Unfair Trade Practices**
**In Violation of Florida's Deceptive and Unfair Trade Practices Act**
**(Fla. Stat. § 501.201)**
**(All Defendants)**

119.    BIC repeats and re-alleges the allegation set forth in the preceding paragraphs as if fully set forth herein.

120.    BIC Corporation is the owner and registrant of the BIC Marks.

121.    BIC USA is the exclusive licensee of the BIC Marks in the United States.

122.    Defendants have not been granted any right to use the BIC Marks in the United States, including in the State of Florida.

123.    Defendants have made unauthorized use, in connection with Counterfeit Pocket Lighters, of marks that are the same as, or are confusingly similar to, the BIC Marks.

124.    Defendants' actions described herein are calculated to deceive and actually do deceive the public into mistakenly believing that Defendants' goods originate with and/or are sponsored or approved by BIC.

125.    As such, Defendants have intentionally engaged and continue to engage in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Sta. § 501.201.

126.    Indeed, Defendants' conduct demonstrates an intentional, willful, and malicious intent to trade on the goodwill and reputation associated with the BIC Marks and the expense and effort BIC has expended in securing the same within the State of Florida.

127.    Defendants' wrongful conduct and/or willfully deceptive trade practices, for which BIC has no adequate remedy at law, has caused and, unless permanently enjoined, will continue to cause damage and irreparable harm to BIC.

## COUNT EIGHT
## Common Law Unfair Competition
## (All Defendants)

128.    BIC repeats and re-alleges the allegation set forth in the preceding paragraphs as if fully set forth herein.

129.    BIC Corporation is the owner and registrant of the BIC Marks.

130.    BIC USA is the exclusive licensee of the BIC Marks in the United States.

131.    Defendants have not been granted any right to use the BIC Marks in the United States, including in the State of Florida.

132.    Defendants have made unauthorized use, in connection with Counterfeit Pocket Lighters, of marks that are the same as, or are confusingly similar to, the BIC Marks.

133.    Defendants' unauthorized use of the BIC Marks has caused and will continue to cause a likelihood of confusion or misunderstanding as to the affiliation, connection, or association of Defendant with BIC or as to the sponsorship or approval by BIC of Defendant's goods.

134.    Defendants' conduct demonstrates their bad faith intent to trade on the goodwill and reputation associated with the BIC Marks.

135.    Defendants' wrongful conduct and unfair trade practices, for which BIC has no adequate remedy at law and from which Defendants have and will continue to profit, has caused and, unless permanently enjoined, will continue to harm the public and cause damage and irreparable harm to BIC.

136.    Defendants' unauthorized use constitutes unfair competition in violation of the common law of Florida.

## COUNT NINE
**Common Law Trademark Infringement**
**(All Defendants)**

137.    BIC repeats and re-alleges the allegation set forth in the preceding paragraphs 1 through 68 as if fully set forth herein.

138.    BIC Corporation is the owner of all rights, title, and interest in and to the BIC Marks, including all common law rights in such Marks.

139.    BIC USA is the exclusive licensee of the BIC Marks in the United States, where consumers perceive the BIC Marks as distinctive, well known, and famous.

140.    Defendants have not been granted any right to use the BIC Marks in the State of Florida.

141.    Defendants have made unauthorized use, in connection with Counterfeit Pocket Lighters, of marks that are the same as, or are confusingly similar to, the BIC Marks.

142.    Defendants' use, which constitutes use in commerce, has caused and/or is likely to cause confusion or mistake or is likely to deceive regarding the source, sponsorship and/or affiliation of the goods imported, offered for sale, and sold by Defendants.

143.    On information and belief, Defendants' wrongful conduct was undertaken and/or continued with full knowledge of BIC's rights and, thus, constitutes willful infringement.

144.    BIC has no adequate remedy at law for Defendants' wrongful conduct, which has caused, and, unless permanently enjoined, will continue to cause damage and irreparable harm to BIC.

145.    Defendants are liable for trademark infringement in violation of the common law of the State of Florida.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs BIC Corporation and BIC USA Inc. demand a trial by jury on all issues triable by right to a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs BIC Corporation and BIC USA Inc. respectfully request that the Court:

1.    Grant judgment in favor of Plaintiffs and against Defendants on all of Plaintiffs' claims;

2.    Permanently enjoin and restrain each and every Defendant, its officers, agents, subsidiaries, servants, partners, employees, attorneys and all others in active concert or participation with it, from:

      a.    Infringing the BIC Marks;

b.    Advertising, offering for sale, distributing, or selling any Counterfeit Pocket Lighters;

c.    Unfairly competing with BIC in the manufacture, importation, advertising, offering for sale, sale, shipment or distribution of lighters;

d.    Disposing of, destroying, moving, secreting, relocating, or transferring any and all of Defendant's stock of Counterfeit Pocket Lighters;

e.    Disposing of, destroying, moving, secreting, relocating, altering, or transferring any information, records, or documents in Defendant's possession pertaining to its purchase, importation, receipt, advertising, offering for sale, sale, shipment, or distribution of lighters branded with the BIC Marks (whether authentic or counterfeit), including invoices, correspondence with vendors and distributors, banks records, account books, financial statements, purchase contracts, sales receipts, and other records, including electronically stored information on computers and personal electronics such as cell phones; ore

f.    Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the aforementioned activities.

3.    Order each and every Defendant to, at Defendants' expense, withdraw from the market, account for, and properly destroy any and all Counterfeit Pocket Lighters sold by Defendant;

4.      Order each and every Defendant, pursuant to 15 U.S.C. § 1116, to serve on BIC within thirty (30) days after service on Defendant of a permanent injunctive order, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

5.      Order each and every Defendant to account for, and pay over to BIC, Defendants' profits and all damages sustained by BIC;

6.      Award BIC statutory damages under 15 U.S.C. § 1117(c).

7.      Increase the amount of damages and/or profits awarded to BIC, as provided by law;

8.      Award BIC such punitive damages for each and every Defendant's willful and intentional acts of unfair competition and infringement of BIC's rights that the Court shall deem just and proper;

9.      Award BIC the fees, costs, and disbursements, and interest, expended in connection with any actions taken to investigate and confirm the claims made in this Complaint;

10.     Deem this case exceptional and award BIC its reasonable attorney fees, costs, disbursements, and interest, as provided by law; and

11.     Grant such other and further relief as the Court may deem just and proper.


Dated: November 22, 2024

Respectfully submitted,

*/s/ Kimberly A. Carabotta*
**BALLARD SPAHR LLP**

Kimberly A. Carabotta
Florida Bar No. 1027353
999 Peachtree Street NE, Suite 1600
Atlanta, Georgia 30309
carabottak@ballardspahr.com
Telephone: 678.420.9300
Facsimile: 678.420.9301

Noah S. Robbins (*pro hac vice*
forthcoming)
robbinsn@ballardspahr.com
1735 Market St., 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500
Facsimile: 215.864.8999

Andrew Hensley (*pro hac vice*
forthcoming)
hensleyd@ballardspahr.com
1 East Washington Street, Suite 2100
Phoenix, AZ 85004
Telephone: 602.798.5400
Facsimile: 602.798.5595

*Counsel for Plaintiffs*
*BIC Corporation and BIC USA Inc.*